# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANK DILLARD, JR.,

        Plaintiff,

v.

JUDGE WELCH and
LATIMER COUNTY
DISTRICT ATTORNEY,

        Defendants.

No. CIV 14-204-RAW-SPS

## OPINION AND ORDER

On April 22, 2014, plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Northern District of Oklahoma. The Northern District dismissed the action without prejudice for improper venue. *Dillard v. Welch*, No. CIV-14-186-GKF-TLW (N.D. Okla. May 21, 2014). He now has submitted essentially the same complaint in this court with a request for twenty million dollars in damages. The defendants are Latimer County Judge Welch and the Latimer County District Attorney.

Plaintiff alleges in his complaint that he was wrongfully arrested, charged, and sentenced in both LeFlore County and Latimer County for the same crime. He asserts he was arrested in 2001 on a warrant from Latimer County for a white male, 5 feet 8 inches tall and weighing 108 pounds. Plaintiff, however, is a black male, and he maintains that at the time of his arrest, he was 6 feet 3 inches tall and weighed 230 pounds. When he pointed out the discrepancy to Judge Welch, the judge allegedly marked out the word "white" and substituted "black." Plaintiff further alleges he was charged under the wrong statute, he was not read his *Miranda* rights, and he was "embezzled."

According to the Oklahoma State Courts Network at www.oscn.net, plaintiff entered a guilty plea on January 11, 2002, in LeFlore County District Court Case No. CF-2001-419 for three counts of Use of a Lost Debit Card. He was sentenced to a fine and restitution.

Plaintiff also was convicted in Latimer County District Court Case No. CF-2001-153 for Knowingly Concealing Stolen Property and two counts of Second Degree Forgery. He contends he never possessed stolen property, and none was recovered. On April 17, 2013, an application to revoke his suspended sentences was filed in the Latimer County case, and it apparently still is pending. Plaintiff alleges he was transported to the Latimer County Detention Center on May 16, 2014.

Plaintiff complains that the overcrowded conditions of confinement in the Latimer County Detention Center are unfit for human habitation. He claims the detention center contains cancer-causing, lead-based paint, improper ventilation, inadequate showers, and rust. He also asserts he is an insulin-dependent diabetic, but he is not receiving his insulin and sterile syringes, and his medications are contaminated by the jail officials' improper handling. In addition, the cook at the jail allegedly has open wounds and should not be preparing food. Plaintiff has numerous other complaints about the conditions of his confinement and his access to the courts.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Latimer County District Attorney likewise possesses prosecutorial immunity from § 1983 lawsuits which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The court, therefore, finds both defendants are immune from this § 1983 lawsuit with respect to plaintiff's criminal proceedings.

The court further finds plaintiff has failed to show that either defendant personally

participated in the allegedly unconstitutional conditions of his confinement in the detention center. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). If plaintiff wants to pursue his claims regarding the conditions of his confinement in the Latimer County Detention Center, he must file a new civil rights complaint with a motion for leave to proceed *in forma pauperis* on the court's forms.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987). Here, the court finds this action is frivolous, because plaintiff has failed to state a claim upon which relief may be granted, and he is seeking monetary relief from defendants who are immune from such relief.

**ACCORDINGLY,** all claims against the defendants are DISMISSED WITH PREJUDICE as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g). Plaintiff's claims concerning the conditions of his confinement in the Latimer County Detention Center are DISMISSED WITHOUT PREJUDICE to filing a new complaint that names the appropriate defendants. The Court Clerk is directed to send plaintiff the forms and instructions for filing a proper complaint and motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 5th day of June 2014.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**